UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN GREER,

        Plaintiff,

            v.                                  CAUSE NO.: 3:23-CV-1116-TLS-JEM

ARRION WALTON, JR.,

        Defendant.

**OPINION AND ORDER**

Steven Greer, a prisoner without a lawyer, filed a complaint attempting to sue a fellow inmate whom he alleges attacked him. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). To establish jurisdiction, a plaintiff must demonstrate either the existence of federal question or diversity jurisdiction. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). For this Court to have federal question jurisdiction over these claims, the Plaintiff must allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Greer alleges Arrion Walton, Jr., attacked him at the Indiana State Prison on September 16, 2023. An attack by a fellow inmate does not violate the

Constitution, laws, or treaties of the United States. This complaint does not establish federal question jurisdiction.

For this Court to have diversity jurisdiction over these claims, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between the Plaintiff and all Defendants. *See* 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). In this case, it is likely that Greer and Walton are both citizens of Indiana, but even if they were not, Greer is only seeking $2,484 in the relief section of the complaint. This complaint does not establish diversity jurisdiction.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). In this case, the complaint makes clear this court lacks jurisdiction. This case will be dismissed without prejudice because Greer may have a claim in State court, but it will be dismissed under 28 U.S.C. § 1915A because it is legally frivolous to sue in a court that lacks jurisdiction.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

SO ORDERED on January 31, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT